### 11876

### STATE v. PORTER *ET AL.*

#### (130 S. E., 558)

INTOXICATING LIQUORS—EVIDENCE HELD TO SUSTAIN CONVICTION FOR STORING AND HAVING IN POSSESSION WHISKEY.—Evidence *held*, to sustain conviction for storing and having in possession whiskey.

Before WILSON, J., Sumter, July, 1925.    Affirmed.

Osborne Porter and another were convicted of storing and having in possession whiskey and they appeal.

*Mr. George D. Shore, Jr.,* for appellants, cites:    *Verdict must accord with indictment:*    2 Speers, 371.

*Mr. Frank A. McLeod, Solicitor,* for respondent.

December 8, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellants, Osborne Porter and Rebecca Porter, his wife, live on Canal Street in Sumter, S. C.    On the 4th day of April, 1925, their home was searched by Deputy Sheriff H. G. McKagen, of Sumter County, and one Andrews, a Federal Officer, both of whom were operating under a federal warrant.    About two quarts of whisky were found in the house, and a 5-gallon glass jug was found in a house in the yard, and upon being uncorked smelt like whisky, and there appeared to be a little liquid partly covering the bottom.    This was so little that it was not disturbed, but the whisky found in the house was poured in a fruit jar and amounted to about two quarts.    It was not in evidence

at the trial. The defendants were tried at the Summer term of Court in this County for having in possession unlawful alcoholic liquors for unlawful use, and also for storing the same unlawfully.

Counsel for the defendants made a motion for a directed verdict at the close of plaintiff's case, upon the ground that there was no testimony proving beyond a reasonable doubt that the whisky found was contraband, and that it was unlawfully stored. This motion was overruled.

Defendants introduced no testimony, and the case went to a jury, resulting in a verdict, as follows: "Guilty of storing and having in possession whisky. W. R. Levy, Foreman."

Counsel for the defense moved for an arrest of judgment on account of insufficiency of verdict, which motion was overruled. The defendants were sentenced to hard labor upon the chain gang for Sumter County for a period of four months each.

From the judgment of the Court and the sentence entered thereon, the defendants served due notice of their intention to appeal to the Supreme Court of South Carolina.

The exceptions, two in number, are overruled, as it was a question of fact properly submitted to the jury, and there was ample evidence to sustain their finding. The verdict of the jury was sufficient under the indictment to show violation of the statute. The exceptions are without merit.

MESSRS. JUSTICES COTHRAN and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.